## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

JACK W. LAWSON and MARY ANN LAWSON,

        Plaintiffs,

        v.

STATE OF DELAWARE, DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N14C-01-020 MMJ

Submitted: June 24, 2014
Decided: June 30, 2014

On Plaintiffs' Motion for Reargument
**DENIED**

## ORDER

Richard L. Abbott, Esquire, Abbott Law Firm, Attorney for Plaintiffs

Gregory B. Williams, Esquire, Wali W. Rushdan II, Esquire, Fox Rothschild LLP, Attorneys for Defendants

JOHNSTON, J.

1.    By Order dated June 11, 2014, the Court denied Plaintiffs' Motion to Disqualify Counsel.

2.    Plaintiffs have moved for reargument.  Plaintiffs assert that the Court failed to address the argument that the Fox Rothschild firm could not represent Defendant Bhatt because the Agreement at issue only permitted representation of the Delaware Department of Transportation.   Further, the Court did not "squarely address" the issue of whether this action qualifies as "work relating to eminent domain proceedings" under the Agreement.

3.    The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1]  Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.   "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[2]

---

[1]*Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (1969).

[2]*Wilmington Trust Co. v. Nix,* Del. Super., 2002 WL 356371, Witham, J. (Feb. 21, 2002); *Whitsett v. Capital School District,* Del. Super., C.A. No. 97C-04-032 Vaughn, J. (Jan. 28, 1999);  *Monsanto Co. v. Aetna Casualty & Surety Co.,* Del. Super., C.A. No. 88-JA-118, Ridgeley, P.J. (Jan. 14, 1994).

4.      The Court previously considered both issues identified by Plaintiffs in their Motion for Reargument.  The Court found that the Agreement authorized the legal work provided by Fox Rothschild in this litigation.   The Court further determined that the letter confirming the scope of work specifically included representation of Bhatt.  In any event, it still remains unclear whether Plaintiffs even have standing to raise any issues in connection with the propriety of the representation of the opposing parties, absent a conflict of interest or other consideration affecting the rights of Plaintiffs.

5.      The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Plaintiffs' Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*

The Honorable Mary M. Johnston